NICHOLAS S. HASTY

*vs.*

CUMBERLAND COUNTY POWER & LIGHT COMPANY.

ROYAL W. HASTY *vs.* SAME.

Cumberland.　　Opinion March 23, 1926.

*The question as to whether a minor is chargeable with negligence is one of fact for the jury, except in case of a child of very tender years when it may be for the court.*

*The parents or legal custodians of a child incapable of exercising care for its own safety, must exercise reasonable care for its protection, and the negligence of the parent or custodian is imputable to the child who suffers thereby.*

*If the parent or legal custodian were negligent, the child cannot recover for an injury unless at the time of the injury he was in the exercise of that degree of care which would be required of an adult under the circumstances.*

*But parents or custodians are holden to the exercises of reasonable care only, and what is reasonable care depends upon the facts and circumstances in any given case.*

In the instant cases the question of contributory negligence on the part of the mother of the minor having been passed upon by the jury, is one of the elements of fact, in reaching their verdict for the plaintiff, and it not appearing that the jury manifestly erred in this or other respects, the motion in each case must be overruled.

On general motions for new trial by defendant.　Actions to recover damages resulting from injury to a child between four and five years of age while sliding in the street in South Portland and in crossing the track of defendant came in contact with one of its moving electric cars and was seriously injured.　A verdict of $2,500 was rendered for the child, and one for $697.50 for the father for expenses and loss of services of his son.　A general motion was filed in each case. Motion in each case overruled.

The cases fully appear in the opinion.

*Hinckley & Hinckley*, for plaintiffs.

*Verrill, Hale, Booth & Ives*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

PHILBROOK, J.   These two actions, the first by a minor and the second by his father, were tried together.   They involve the same evidence and legal principles, each action resulted in a verdict for the plaintiff, and each is before us on defendant's motion for a new trial, no exceptions being reserved.   It will be sufficient, therefore, if we consider one case only, namely, the action brought by Nicholas, the minor.

### THE PLAINTIFF'S CASE.

It was stipulated and agreed between the parties that Nicholas S. Hasty was four years and eleven months of age at the time of the accident which caused the damages for the recovery of which this action was instituted.

On the fifth day of December, nineteen hundred and twenty-four, the plaintiff was sliding on a cement walk leading from the Summer Street school, so-called, in the city of South Portland, to Summer Street, a public highway in that city.   The defendant company was operating an electric car line on that street, its tracks being located between the terminus of the cement walk, where the plaintiff was sliding, and the paved part of Summer Street.   The accident happened in the late hours of a short December afternoon.   The exact time was not fixed by the witnesses for the plaintiff.   As bearing upon the ability to see, in the gathering darkness, one witness for the plaintiff said, "It was just getting dark—it was kind of dusk"; another, that it was "light enough so you could see"; another, "why, it was dark, dusk, lights in the car and the lights were lit on the street, the street lights"; another, "it was what I call twilight, between dark and light."   One witness for the plaintiff, a school teacher, who boarded the car at twenty minutes before five, and thought she had been on the car about five or ten minutes before the accident happened, said, "It was not at all dark when I got on."   The plaintiff, thus approaching the point where his sled would cross the car track, claims that because of his tender years he was not fully aware of, and did not appreciate the dangers to which he was subjected; that the defendant, through its motorman, by the exercise of due, reasonable and proper

care, could and should have known of the presence of the plaintiff, and by the exercise of such care could have avoided striking the plaintiff. The plaintiff furthermore claims that the motorman actually saw him, as he was approaching the danger point, and by the use of due care could have seasonably stopped the car. And so the plaintiff claims that he has proved negligence on the part of the defendant's motorman and demands adequate compensation in damages.

## THE DEFENSE.

The defendant contends (1) that its negligence was not established by the evidence in the case; (2) that plaintiff's cause of action is barred by the contributory negligence of his mother.

As bearing upon the question whether the motorman actually did see the plaintiff, or by the exercise of due care could have seen him, the defendant calls attention to testimony given by both plaintiff's and defendant's witnesses, from which it claims as substantially shown that the accident occurred between the hours of four forty-five and four fifty in the afternoon, and that the sky was cloudy. It was agreed that the sun set at three minutes past four on the day of the accident, and, as bearing on the question of light, the defendant urges this court to take judicial notice of the fact, which can be verified by examination of an almanac, that on December 5th darkness comes on as early as on any day of the year. This element of the case, as well as all other factual elements which had proper bearing upon the question of due care of the motorman, are presented forcefully and fully by counsel for the defendant. But these questions were decided by the jury in favor of the plaintiff. That constitutional tribunal declared the defendant's motorman to be guilty of negligence, and we are not convinced that the jurors so manifestly erred, or were so improperly influenced by bias, prejudice or passion that their finding on this branch of the case should be disturbed.

In considering the defense of contributory negligence we observe that a special question was submitted to the jury, namely, "Under the evidence in this case, was Nicholas S. Hasty of sufficient age and mental capacity to be capable of negligence in sliding down the walk in the school yard, as he did, on December 5, 1924?" To this question the jury returned a negative answer.

In a very extensive and valuable note, *Westbrook* v. *Mobile &
Ohio R. R. Co.*, 14 Am. St. Rep., 587, supported by many authorities,
the annotator says that from the nature of the proposition it is
impossible to fix an exact period when an infant may be of such natural
capacity, physical condition, training and habits of life, as to be
chargeable with negligence, and therefore it becomes a question of
fact for the jury, when the inquiry is material, unless the child is of
such very tender years that the court can safely decide the fact. In
the case at bar, as we have just seen, the chargeability of the plaintiff
has been determined by the jury in the negative.

Was there such contributory negligence on the part of the mother
as to defeat the minor plaintiff's right to recover? It is the claim
of the defendant that when a child is incapable of exercising care for
its own safety a duty devolves upon the parents or legal custodians of
the child to exercise reasonable care in protecting it and keeping it
off the streets and other places of danger, and in case of failure to
exercise such care the negligence of the parents or custodians is
imputable to the child who suffers thereby. Stating their proposition
in different words, the defendant says the rule of law is that if a
parent negligently permits such a child to go into the streets, or other
places of danger, and the child is injured, the child cannot recover
unless he was at the time in the exercise of that degree of care which
would be required of an adult under the circumstances. These
legal principles are sound and well supported by the authorities, but
the issue of fact, namely, whether or not the mother was guilty of
such contributory negligence as would bar the action of the plaintiff,
in the instant case, is the contested issue.

In this class of cases parents are holden only to the exercise of
reasonable care, and what is reasonable care depends upon the facts
and circumstances, and sometimes in part upon the financial con-
dition of the family. No exact rule can be laid down. *Morgan* v.
*Aroostook Valley R. R. Co.*, 115 Maine, 171. No hard and fast rule
as to the care of children can be laid down and the financial condition
of the family, and the other cares devolving upon the parents are
not to be ignored. Small children have a right to light, air and
exercise, and the children of the poor cannot be constantly watched
by their parents. *Grant* v. *Bangor Railway and Electric Co.*, 109
Maine, 133.

In the case at bar it appears that a cousin of the plaintiff, a boy between nine and ten years of age, went with the plaintiff to obtain his mother's permission to go sliding. At first she objected but finally consented, on being told that they were going to a place known as Chandler's field. Apparently this field was a comparatively safe place for their childish sport. After leaving her the boys changed their plans without the knowledge of the mother and went to the school yard for sliding. The mother was at home where in all probability she was attending to domestic duties. The plaintiff had a brother younger than himself who necessarily called for the mother's care and attention. Since the record presents no failure of the learned presiding Justice to instruct the jury upon this branch of the case we may properly assume that necessary and correct instructions were given. The situation must have been pictured before the mind of each juror, the home, the customs of people situated as this family was situated, the degree of care which the average, ordinarily careful mother would exercise under the circumstances, having regard for healthful out-door sport so essential to the welfare of children. With this picture before them, to return a verdict for the plaintiff, they must have found, as a matter of fact, that the mother was exercising reasonable care under the facts and circumstances of the case. From that finding, we do not differ.

The damages were not excessive in either case.

*In each case,*
*Motion overruled.*